UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *PERFICIENT, INC.* | ) |
| Plaintiff, | ) |
| v. | ) Cause No. |
| *THOMAS MUNLEY,* | ) |
| *And* | ) |
| *SPAULDING RIDGE, LLC* | ) |
| Defendants. | ) |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COMES NOW Plaintiff Perficient, Inc. ("Perficient"), by and through its attorneys Sandberg Phoenix & von Gontard P.C., pursuant to Rule 65 of the Federal Rules of Civil Procedure, and hereby moves this Court for a temporary restraining order against Defendants Thomas Munley ("Munley") and Spaulding Ridge, LLC ("Spaulding Ridge" collectively "Defendants"). In support of its motion, Perficient relies upon the facts and legal claims set forth in Perficient's Verified Complaint and the information and arguments in Perficient's Memorandum in Support of this Motion, all of which are incorporated herein by reference and filed concurrently, and further states as follows:

1.  Munley is the former Vice President of Field Operations for Perficient and at all relevant times operated in Dallas, Texas. Verified Complaint ("Compl"), ¶ 15. In that capacity, Munley's responsibilities included managing and supervising all of Perficient's sales of

11606544.1

customized and customer-tailored Salesforce.com software products and services. Compl., ¶¶ 14, 17. On or about May 1, 2019, Munley's employment was terminated. Compl., ¶ 61.

2. Munley is a highly compensated and sophisticated businessperson with a law degree from Western Michigan University, Thomas Cooley Law Schoo. Compl., ¶ 16.

3. On the basis of his former employment with Perficient, Munley is in possession of confidential non-public business information of Perficient, including its sales strategies, pricing structure, the details of its contractual relationships with the supplier Salesforce.com, non-public financial information, sales volume and profitability data, margins, costs, marketing strategies, customer contacts, and information regarding the future plans and development strategies of Perficient. Compl., ¶ 64.

4. Munley subsequently and immediately obtained employment with Spaulding Ridge. Compl., ¶ 62. Munley job title with Spaulding Ridge is "Partner and Salesforce Practice Leader". Compl., ¶ 62. In that capacity, Munley is currently actively marketing and selling Salesforce.com products and services on behalf of Spaulding Ridge, in direct competition with Perficient. Compl., ¶ 63.

5. Munley confirmed his employment with Spaulding Ridge via email correspondence date May 24, 2019 from his official Spaulding Ridge email account to Jeff Davis, CEO of Perficient, and Paul Martin, CFO of Perficient, in which Munley referred to certain Confidential Information of Perficient, including Perficient's revenue from the Salesforce.com business, the volume of sales, the details of Perficient's contractual relationship with Salesforce.com, and the details of the Perficient personnel involved with the Saleforce.com business. Compl., ¶¶ 66-68.

6. Pursuant to his former employment with Perficient, Munley executed multiple contractual agreements containing post-separation covenants. Compl., ¶ 21. These restrictions include a covenant: (1) not to compete with Perficient by operating in a business offering similar products or services for twenty-four months following his separation the restricted area, i.e. metropolitan areas in which Perficient offers its products and services, (2) not to solicit or attempt to solicit current or prospective Perficient customers or attempt to encourage them to terminate, modify or not renew their business relationship with Perficient for a period of twenty-four months, (3) not to solicit or attempt to solicit current Perficient employees to terminate their employment relationship with Perficient, and (4) not to disclose or cause to be disclosed any of Perficient's confidential or proprietary information or trade secrets. Compl., Par. ¶ 28.

7. Munley's conduct constitutes a breach of his post-separation contractual obligations, specifically his obligation not to enter into or engage in a business offering similar products and/or similar services to those offered by Perficient within the restricted area for twenty-four months following his separation. Munley has also intentionally and/or will inevitably disclose Perficient's confidential and proprietary information and trade secrets in breach of his non-disclosure agreement through his continued employment by Spaulding Ridge. Munley's employment by Spaulding Ridge also creates ample opportunity for breach of his non-solicitation obligations for Perficient's customers and employees, for which Perficient will have no notice and no opportunity to prevent.

8. On information and belief, Spaulding Ridge had actual and/or constructive knowledge that Munley had post-separation contractual obligations with Perficient, including a non-competition covenant, a non-solicitation covenant, and a non-disclosure covenant.

11606544.1

Nevertheless, Spaulding Ridge continues to employ Munley in a knowing and willful breach of his contractual obligations.

9. Perficient is subject to immediate and irreparable injury if Munley is permitted to work for Spaulding Ridge as a Partner and Salesforce Practice Leader, or otherwise be involved in Spaulding Ridge's Salesforce.com sales operations.

10. Perficient has no adequate remedy at law and monetary damages cannot fully or adequately compensate Perficient for the injury caused, and which could be caused, by Munley's breaches.

11. Perficient is likely to succeed on the merits of its contractual claims for an injunction.

12. In addition, Perficient is likely to succeed on the merits of its claims for injunctive relief under the Defend Trade Secrets Act ("DTSA") and Missouri Uniform Trade Secrets Act ("MUTSA"). The DTSA provides for injunctive relief to prevent the disclosure of trade secrets. 18 U.S.C. §1836(b)(3)(A). The MUTSA provides for similar relief. Section 417.455 RSMo.

13. Perficient will suffer irreparable harm in the absence of a temporary restraining order, preliminary injunction, and permanent injunction.

14. In his position at Spaulding Ridge, Munley will almost certainly draw on Perficient's trade secrets to perform his job duties at Spaulding Ridge and offer for sale competing products and services.

15. The balance of harms and the public interest also weigh in favor of a Temporary Restraining Order and Preliminary Injunction.

WHEREFORE, for the reasons set forth in this Motion, the related Memorandum in Support, and the Verified Complaint, Perficient respectfully requests that this Court grant its

11606544.1

Motion for a Temporary Restraining Order and Preliminary Injunction enter the Proposed Order submitted with this Motion.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Lyndon Sommer* ____
Lyndon Sommer, #44005
Benjamin R. Wesselschmidt, #66321
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
lsommer@sandbergphoenix.com
bwesselschmidt@sandbergphoenix.com

*Attorneys for Plaintiff Perficient, Inc.*