UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERFICIENT, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:19-cv-01565-JAR |
| THOMAS MUNLEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Modify Temporary Restraining Order. (Doc. 37.) Plaintiff Perficient, Inc. opposes the motion. (Doc. 40.) Defendants filed a reply. (Doc. 42.)

On June 3, 2019, Perficient moved for a temporary restraining order ("TRO"), seeking to bar Defendants Thomas Munley and Spaulding Ridge, LLC ("Spaulding") from engaging in certain business activities that Perficient argues are directly competitive to its business and violate several contracts Munley signed when he was employed by Perficient. (Doc. 4.) The parties briefed the issues (Docs. 16, 18, 19), presented oral argument to the Court on June 7, 2019 (Docs. 20, 25), and submitted supplemental briefing thereafter (Docs. 22, 23, 24).

On June 12, 2019, the Court entered a TRO barring Munley from preforming a number of business activities on behalf of Spaulding. (Doc. 26.) The TRO specifically enjoined Munley from soliciting or servicing accounts involving the Salesforce.com software product known as Consult, Price, Quote, or CPQ. (*Id.* at ¶ 5.) The TRO did not include any express geographical limitations. (Doc. 26.) The Court subsequently cancelled the scheduled hearing on a

preliminary injunction and consolidated it with the hearing on a permanent injunction to be set at a later date, continuing the TRO until then. (Doc. 35.)

Citing the significant burden posed by the indefinite extension of the TRO, Defendants now move the Court to narrow the TRO to allow Munley "to perform work limited to Salesforce CPQ and only for clients of Spaulding that pre-exit Munley's hiring by Spaulding." (Doc. 42 at 2.) They argue that the amendment sufficiently protects Perficient's interests while allowing Munley to remain employed at Spaulding. (*Id*.) In addition, Defendants ask the Court to restrict the injunctive effects of the TRO to North America, asserting that Munley never performed work on behalf of Perficient outside of Canada or the United States. (*Id*. at 4.)

Perficient opposes the motion, arguing that the online nature of Perficient's business and the "overlap and integration" of its many software products mean that Munley's collaboration on any Spaulding CPQ customer anywhere in the world poses a risk of negatively impacting Perficient's client base. (Doc. 40 at 3-4.) They add that the Court's decision to consolidate the hearings on a preliminary and permanent injunction was intended to avoid piecemeal adjudication of the merits and allow full discovery before revisiting the TRO. (*Id*. at 2.)

The Court will deny Defendants' motion. In entering its TRO, the Court considered the written and oral arguments of counsel and determined that the *Dataphase* factors supported enjoining Munley's participation in CPQ accounts on behalf of Spaulding. (Doc. 26.) The Court heard additional argument during the scheduling conference relating to the consolidation of the preliminary and permanent injunction hearings. It noted, as Perficient does, that Federal Rule of Civil Procedure 65 contemplates consolidation and there was good cause to do so in this case "to allow the parties to fully develop the evidence and record," and to facilitate a single adjudication of the merits. (Doc. 35.) Having considered Defendants' arguments in support of their motion,

and reviewing the facts and issues involved in this case, the Court finds that there is no basis to amend or modify the TRO at this time.

The Court recognizes that extending the TRO until the consolidated hearing increases the burden on both Defendants. For that reason, it ordered expedited discovery and increased the amount of the bond. In addition, the Court will also set the consolidated hearing for August 14, 2019, in an effort to quickly and efficiently resolve this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Modify Temporary Restraining Order (Doc. 37), is **DENIED.**

**IT IS FURTHER ORDERED** that a hearing on preliminary and permanent injunctions is set for **Wednesday, August 14, 2019, at 10:00 a.m. in courtroom 12N.**

Dated this 16th day of July, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE