UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PERFICIENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-01565-MTS |
| | ) | |
| THOMAS MUNLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

On competing Motions for Summary Judgment, the Court previously determined that Defendant Thomas Munley ("Munley") "breached an enforceable contract" with Plaintiff Perficient, Inc. ("Perficient") that resulted in Perficient's entitlement to nominal damages and to consequential damages, in the form of "at least some attorneys' fees and legal costs incurred by Perficient." *See Perficient, Inc. v. Munley*, 4:19-cv-01565-JAR, 2021 WL 1427797, at *12–13 (E.D. Mo. Apr. 15, 2021), *appeal dismissed*, 43 F.4th 887 (8th Cir. 2022).[1] Now this Court must quantify the amount of those nominal and consequential damages. To that end, and by agreement of the parties, the Court held a bench trial on March 17, 2023. Doc. [161]. Perficient and Munley appeared in person and by counsel. The Court heard evidence from the parties and took judicial notice of its file in this case. For the reasons detailed herein, the Court will set Perficient's nominal damages at $1 and its consequential damages from reasonable attorneys' fees and legal costs to enforce the agreement at $226,964.56.

---

[1] After the Court granted Perficient's Motion for Summary Judgment on Count I of its Verified Complaint and denied Munley's Motion for Summary Judgment, see Doc. [112], this case was reassigned randomly to the undersigned.

**Findings of Fact**

1. Munley worked as a high-level executive at Perficient with access to numerous sources of confidential information regarding key customers. In a Non-Competition Agreement with Perficient, Munley agreed to certain restrictive covenants as part of his compensation. The Non-Competition Agreement also contained terms that, in the event of certain circumstances, required Munley to pay Perficient's attorneys' fees. Specifically, the Non-Competition Agreement contained the following two provisions:

> **13. Remedies.** If the Corporation incurs legal fees and other expenses to enforce this Agreement and/or seek redress for any violation, Employee promises and agrees to pay all costs, court costs, fees and expenses, including reasonable attorneys' fees, incurred by the Corporation to enforce this Agreement whether by an action to enforce specific performance or for damages for Employee's breach or otherwise and/or recover and collect damages for any violation, whether or not litigation is commenced. This is in addition to and not in lieu of any other remedies which the Corporation may have for any violation of this Agreement.
>
> \*   \*   \*
>
> **29. Counterparts; Missouri Governing Law; Attorneys' Fees.** This Agreement may be executed in two counterpart copies, each of which may be executed by one of the parties hereto, but all of which, when taken together, shall constitute a single agreement binding upon all of the parties hereto. This Agreement and all other aspects of the Employee's employment shall be governed by and construed and interpreted in accordance with the internal laws of the State of Missouri without reference to conflicts of law principles, or any rule or decision that would defer to the substantive laws of another jurisdiction. In the event a court of competent jurisdiction determines that the Employee breached this Agreement, including the covenants of confidentiality and non-disclosure contained in this Agreement, in any manner, the Corporation shall also be entitled to its reasonable costs and attorneys' fees associated with any legal or equitable action against the Employee relating to the Employee's breach of this Agreement, including a breach of the covenants of confidentiality and non-disclosure contained in this Agreement.

Doc. [1-1] ¶¶ 13, 29.

2. Perficient terminated Munley in May 2019, and Munley sought and accepted employment with Spaulding Ridge, LLC ("Spaulding"). After learning of Munley's

employment with Spaulding, Perficient filed the instant action against both Munley and Spaulding.

3. Perficient brought an eight-count Verified Complaint, see Doc. [1], that alleged a breach of contract claim against Munley, claims under the Defend Trade Secrets Act ("DTSA") and Missouri Uniform Trade Secrets Act ("MUTSA") against Munley and Spaulding, and various other claims arising under Missouri state law against both Munley and Spaulding.

4. Perficient alleged Munley breached three separate agreements, including the Non-Competition Agreement, by: (i) performing "Competitive Duties" within the Restricted Area by obtaining employment with Spaulding; (ii) engaging in a "Competing Business" within the Restricted Area; (iii) failing to disclose his employment with Spaulding to Perficient within seven days; and (iv) failing to abide by the restrictions on use and disclosure of Confidential Information.

5. Perficient sought temporary, preliminary, and permanent injunctive relief based on Munley's alleged breach of contract, and under the DTSA and MUTSA. Perficient sought to enjoin Munley from working for Spaulding in any capacity for a period of twenty-four months. Doc. [1] at 26; Doc. [4].

6. Munley defended against Perficient's breach of contract claim, and the request for injunctive relief, on the basis that the restrictive covenants were unreasonably broad, constituted an unlawful restraint against competition, and were not narrowly tailored to protect a legitimate business interest, meaning that, as a matter of law, they were unenforceable as written. Doc. [16]; Doc. [43]; Doc. [48].

7. After holding a hearing on Perficient's Motion for a Temporary Restraining Order ("TRO"), the Court entered a TRO enjoining Munley from performing services related to certain software products and from communicating with specified individuals.

8. Thereafter, the Court held a two-day combined evidentiary hearing on the preliminary and permanent injunction. In the resulting Memorandum and Order, the Court found that "[b]ecause the prohibition on working for a 'Competing Business' is broader than necessary to protect Perficient's interests, it is unenforceable, and Perficient cannot succeed on a breach-of-contract claim based on that restrictive covenant." Doc. [59] at 12.

9. While the Court found that the "Competing Duties" restriction was enforceable, it held the two-year restriction to be "longer than reasonably necessary to protect Perficient's interest." *Id.* at 12–14, 21. The Court changed the two-year restriction to twelve months.

10. The Court found that there was no evidence that Munley had breached the covenants not to solicit customers or employees but noted that "[t]he Court need not wait for an injury to occur before granting injunctive relief." *Id.* at 16–17.

11. The Court thereafter granted permanent injunctive relief based on its modification of the restrictive covenants but did not prohibit Munley from working for Spaulding altogether. The Court further found that Perficient had not established a likelihood of success on its DTSA and MUTSA claims. *Id.* at 17–18.

12. During this first phase of the litigation—from the commencement of the litigation through this Court's permanent injunction order—Perficient incurred and paid $268,368.30 in attorneys' fees.[2]

13. For the first phase of the litigation, Perficient's counsel charged Perficient $19,109.46 in costs.

14. Munley and Spaulding appealed the Court's entry of the permanent injunction, but the interlocutory appeal did not seek a stay of injunction pending appeal. With the appeal still pending, the injunction expired on its own terms. The U.S. Court of Appeals for the Eighth

---

[2] Perficient attributes $245,444.30 to its breach of contract claim against Munley.

Circuit accordingly dismissed that appeal as moot and remanded the case to this Court for further proceedings.  *See Perficient v. Munley*, 973 F.3d 914 (8th Cir. 2020).

15. During this second phase of the litigation—Munley and Spaulding's appeal of the permanent injunction—Perficient incurred and paid $54,279.50 in attorneys' fees.[3]

16. For the second phase of the litigation, Perficient's counsel charged Perficient $6,617.84 in costs.

17. After remand, Perficient ultimately dismissed with prejudice all of its causes of action except the breach of contract claim against Munley.  *See* Docs. [76], [82].

18. Munley and Perficient each filed Motions for Summary Judgment on Perficient's breach of contract claim.  Doc. [92]; Doc. [95].  The Court granted Perficient's Motion for Summary Judgment on Count One of its Complaint, the breach of contract claim, and denied Munley's Motion.  Doc. [112].  In total, the Court found that Munley had breached the Non-Compete Agreement in three respects.  The Court found the Competing Duties covenant was enforceable but, once again, found that the "24-month prohibition is longer than necessary to protect Perficient's legitimate interests."  *Id.*  The Court awarded nominal damages and attorneys' fees—as consequential damages—to Perficient, but the Order did not quantify the amount of the award.

19. During this third phase of the litigation—the parties' competing Motions for Summary Judgment—Perficient incurred and paid $68,485.50 in attorneys' fees.[4]

20. For the third phase of the litigation, Perficient's counsel charged Perficient $1,540.88 in costs.

---

[3] Perficient attributes $52,895.50 to its breach of contract claim against Munley.
[4] Perficient attributes $67,895.00 to its breach of contract claim against Munley.

21. Munley appealed the Court's Order granting Perficient's Motion for Summary Judgment on Count One of its Complaint and denying Munley's Motion. The Eighth Circuit concluded that Munley's appeal was not taken from a final, appealable order and was therefore ineffective to confer appellate jurisdiction. The Eighth Circuit accordingly dismissed the appeal. *See Perficient v. Munley*, 43 F.4th 887 (8th Cir. 2022).

22. In this fourth phase of the litigation—Munley's second dismissed appeal—Perficient incurred and paid $84,661.40 in attorneys' fees.[5]

23. For the fourth phase of the litigation, Perficient's counsel charged Perficient $2,042.19 in costs.

24. After the Eighth Circuit remanded this case to this Court the second time, there was limited motion practice. Munley moved the Court to enter nominal damages and stay proceedings on attorneys' fees and costs pending a third appeal. *See* Doc. [139]. This Court denied that Motion. The Court entered a new Case Management Order, and the case proceeded to a bench trial.

25. In this fifth phase of the litigation—from the remand of Munley's second appeal through the final pre-trial invoice—Perficient incurred and paid $25,071.00 in attorneys' fees.[6]

26. For the fifth phase of the litigation, Perficient's counsel charged it $564.11 in costs.

27. Perficient also incurred an additional $14,666.00 in attorneys' fees for trial preparation during March 2023 that had not yet been billed as of the date of trial.

---

[5] Perficient attributes $83,949.40 to its breach of contract claim against Munley.
[6] Perficient attributes $25,001.00 to its breach of contract claim against Munley.

28. In total, Perficient incurred $515,531.70 in attorneys' fees related to this action and the claims within it. Perficient attributes $489,851.20 of this amount to its breach of contract claim against Munley.

29. The hourly billing rates Perficient's attorneys charged in this matter were reasonable and commonly would be charged within the St. Louis metropolitan area for this type of litigation.

30. Not all Perficient's attorneys' fees were reasonable. For example, counsel for Perficient billed $54,279.50 for the first appeal in this matter, an appeal without oral argument where Perficient filed only a respondent's brief.

31. Over the course of this matter, counsel for Perficient had seventeen different timekeepers bill time to this matter.

32. Perficient's attorneys charged Perficient a flat rate for costs equal to 2.25% of its billed time to pay for certain costs like long distance, copying, and postage charges, regardless of whether those costs actually were incurred. Further, Perficient's attorneys still itemized and charged Perficient for other costs, like the printing of appellate briefs.

## Conclusions of Law

**I.      This Court already concluded that Perficient is entitled to attorneys' fees.**

The parties agree that Missouri law governs the interpretation of the contract here. Munley argues that, under Missouri law, the Court must perform a "prevailing party" analysis to determine whether Perficient can recover its reasonable attorneys' fees here, even though the contract imposes no such qualification.[7] Perficient disagrees. It argues that Missouri law does

---

[7] Some caselaw from the Missouri Court of Appeals supports this position, but only to a degree. *See Ken Cucchi Const., Inc. v. O'Keefe*, 973 S.W.2d 520, 528 (Mo. Ct. App. 1998) (citing *Porter v. Lake Waukomis Ass'n*, 687 S.W.2d 237, 240 (Mo. Ct. App. 1985) ("[E]ven if the contract is silent on the issue, a party may only recover its fees under a contract provision if it is a prevailing party.")). When a contract allows a party to collect attorneys' fees

not require a prevailing party analysis here since Munley "made an unqualified contractual promise" to pay Perficient's reasonable attorneys' fees to enforce the agreement. Doc. [159] at 13. In any event, Perficient argues, it *was* the prevailing party. *Id.* This Court already has agreed with Perficient and granted summary judgment to Perficient, finding that Munley breached the contract and that Perficient is entitled to its reasonable attorneys' fees incurred to enforce the contract.[8] Accordingly, the Court necessarily has rejected Munley's argument on this point.

## II. Perficient failed to meet its burden to establish that the full amount it seeks in attorneys' fees were incurred to enforce the contract and were reasonable.

"Where a party's claim to attorney fees is based upon a contract the court must adhere to the terms of the contract and may not go beyond it." *Trimble v. Pracna*, 167 S.W.3d 706, 714 (Mo. banc 2005); *accord Monarch Fire Prot. Dist. of St. Louis Cnty. v. Freedom Consulting & Auditing Servs., Inc.*, 678 F. Supp. 2d 927, 939 (E.D. Mo. 2009), *aff'd*, 644 F.3d 633 (8th Cir.

---

without providing a "prevailing party" qualification, a party may collect its attorneys' fees "only" if the "suit is successful." *Porter*, 687 S.W.2d at 240; *accord Porter v. Hawks Nest, Inc.*, 659 S.W.2d 786, 789 (Mo. Ct. App. 1983) (concluding that where "there was no breach of contract" the party was "not entitled to attorney fees" under contractual provision). While a party must be successful—i.e., establish a breach—to collect attorneys' fees under a contractual provision, the parties have not cited, and this Court has not located, a case where the Supreme Court of Missouri has held that even when a contract is silent on the matter a party must establish it is a "prevailing party" as that phrase has been interpreted in cases where a contractual provision or statute provides that only a "prevailing party" may collect attorneys' fees. *See, e.g.*, *Parkway Constr. Servs., Inc. v. Blackline LLC*, 573 S.W.3d 652, 657 (Mo. Ct. App. 2019); *Schnucks Carrollton Corp. v. Bridgeton Health & Fitness Inc.*, 884 S.W.2d 733, 739 (Mo. Ct. App. 1994); *DocMagic, Inc. v. Mortg. P'ship of Am., LLC*, 729 F.3d 808, 812 (8th Cir. 2013) (applying Missouri law); *Weitz Co. v. MH Washington*, 631 F.3d 510, 529–30 (8th Cir. 2011) (applying Missouri law). Here, Perficient's suit was successful; Perficient demonstrated that Munley breached the contract. "Once liability on a contract has been determined, damages in the form of attorney's fees permitted under the contract follow as a matter of law." *State ex rel. Chase Resorts, Inc. v. Campbell*, 913 S.W.2d 832, 835 (Mo. Ct. App. 1995); *accord Campbell v. Kelley*, 719 S.W.2d 769, 772 (Mo. banc 1986) ("Once the jury found for plaintiffs, their damages in the form of principal, interest and attorney's fees followed as a matter of law."). Whether Munley is the "prevailing party," as that term has come to be interpreted under Missouri law when it is included in a contractual provision or a statute, is not relevant here.

[8] *See, e.g.*, Doc. [112] at 22 ("Considering the undisputed facts, this Court finds that certain attorneys' fees incurred by Perficient constitute consequential damages under Missouri law."); *id.* at 23 ("[T]his Court holds that, . . . at least some attorneys' fees and legal costs incurred by Perficient in enforcing the Non-Competition Agreement are an element of damages."); *id.* at 25 ("Because the undisputed facts reveal that Munley breached an enforceable contract resulting in nominal and consequential damages to Perficient, summary judgment in favor of Perficient as to Count I is warranted.").

2011). The contract here limits Perficient to attorneys' fees incurred to enforce the contract or to seek redress for any violation of the contract by Munley. Doc. [1-1] ¶¶ 13, 29. The contract further limited Perficient to *reasonable* attorneys' fees to that end.[9] Therefore, Perficient was required to prove both that the fees it incurred were fees to enforce—or seek redress under—the contract and also demonstrate that the fees it incurred to that end were reasonable. The Court concludes that Perficient largely has failed to prove that the attorneys' fees it incurred in the first phase of this litigation were to enforce the contract or to seek redress for any violation of the contract by Munley.

Perficient brought eight counts in this action. In total, it brought two counts against only Munley, one count against only Spaulding Ridge, and five counts against both Munley and Spaulding Ridge. *See* Doc. [1]. Only the two counts against Munley alone were to enforce the contract or to seek redress for any violation of the contract. *See id.* ¶¶ 77–98. Thus, Perficient is entitled *only* to the fees it incurred relevant to those two counts, provided they are reasonable. *Landmark Infrastructure Holding Co., LLC v. R.E.D. Invs., LLC*, 933 F.3d 906, 912 (8th Cir. 2019) (noting, in contract case applying Missouri law, that the successful party was entitled to recover attorneys' fees "only for work done in furthering the contract claim"). But, for the first phase of this litigation, Perficient largely has failed to show, or put any real effort into showing, what fees it incurred relevant to those two counts.

In the first phase of this litigation—from the commencement of the litigation through this Court's permanent injunction order—Perficient proved that it incurred and paid $268,368.30 in attorneys' fees in total. It asks that the Court award it $245,444.30 of that amount. Perficient

---

[9] Doc. [1-1] ¶ 13 ("If the Corporation incurs legal fees and other expenses to enforce this Agreement and/or seek redress for any violation, Employee promises and agrees to pay all costs, court costs, fees and expenses, including reasonable attorneys' fees, incurred by the Corporation to enforce this Agreement"); *id.* ¶ 29 ("the Corporation shall also be entitled to its reasonable costs and attorneys' fees associated with any legal or equitable action against the Employee relating to the Employee's breach of this Agreement").

averred that it came to this $245,444.30 total by "eliminat[ing] attorneys' fees which were arguably related to the action maintained against Spaulding Ridge." Ex. 1 ¶ 26; *accord* Ex. 2 ¶ 19. It did so by deducting some time entries entirely and reducing others by one-half. Ex. 1 ¶ 26; *accord* Ex. 2 ¶ 19. Perficient's deductions in the fees of this first phase amount to a mere 8.5% of Perficient's attorneys' total work in the first phase. On its face, the Court concludes that it is neither likely nor realistic that 91.5% of Perficient's attorneys' time was performed relevant to the contract claim—leaving only 8.5% of time for the six non-contract related claims in this litigation and the other Defendant, Spaulding Ridge.[10]

Even a cursory review of the well-over-fifty pages of time entries Perficient provided for the first phase of litigation confirms that it is neither likely nor realistic that 91.5% of Perficient's attorneys' time was performed relevant to the contract claim. Numerous time entries that Perficient did not reduce or deduct billed for work beyond enforcing the contract or seeking redress for any violation of the contract. Indeed, even the very first page has multiple entries for time billed that was not for enforcing the contract or seeking redress for any violation of the contract. One entry, which Perficient did not mark for reduction, explicitly notes the attorney was drafting the Complaint's section on conversion claims, an entirely separate claim in this action. Ex. 3 at PRFT 001297 (05/30/2019 entry of BRW). Other unreduced entries on just the first page, while not explicit, undoubtedly include time spent on non-contractual related claims. For instance, time entries for a call regarding the TRO, an economic analysis of the TRO,[11] and

---

[10] Determining what claims to bring is not, or at least should not be, an impetuous decision. *See* Fed. R. Civ. P. 11(b) (requiring that to bring a claim, an attorney must determine that, "after an inquiry reasonable under the circumstances," the claim is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

[11] Perficient moved for a temporary restraining order not only on the contractual count but also on the DTSA and MUTSA. *See* Doc. [4] ¶ 12.

preparing the statement of the facts and employee history for the Complaint. *Id.* And, again, these are just some of the examples on just the first page.[12]

It is clear that Perficient incurred attorneys' fees in the first phase of the litigation on its contract claims. What remains far from clear, however, is how much of Perficient's attorneys' work in that first phase was devoted to the contract claims. Because Perficient had the burden to make that showing, and because it is not the job of the Court to pore through Perficient's time entries in an effort to divine how much it incurred on the contract claims, the Court will reduce the fees in this first phase by ninety percent. *See Mom365, Inc. v. Pinto*, 4:19-cv-01226-JAR, 2019 WL 6019299, at *2 (E.D. Mo. Nov. 14, 2019) (noting district courts "are authorized to apply a percentage reduction for inadequate documentation that hinders the court's ability to conduct a meaningful review"); *see also Miller v. Woodharbor Molding & Millworks, Inc.*, 174 F.3d 948, 950 (8th Cir. 1999) (per curiam) (remanding for the district court to "consider a percentage reduction for inadequate documentation"). The Court therefore will award $26,836.83 in attorneys' fees for this first phase, which the Court concludes is reasonable, meeting the second contractual requirement.

On the remaining phases of the litigation, for which Perficient seeks a total of $244,406.90, the Court finds that Perficient *has* met its burden to establish that the attorneys' fees it requests were incurred for enforcing or seeking redress under the contract because that was the only claim that remained. The only question on these fees, then, is whether they are reasonable, and the Court concludes they largely are.

---

[12] That is not to say that this issue exists only on the first page. *See, e.g.*, Ex. 4 at PRFT 001299 (2.4 hours for "work on motion for TRO and Memorandum in Support and meet with Ben to discuss revisions"); *id.* (2.3 hours "review revisions to verified complaint and meet with Ben to discuss finalizing"); *id.* at PRFT 001302 (1.7 hours for "prepare outline of argument for hearing on temporary restraining order").

Munley's general argument that Perficient's attorneys' fees are unreasonable is unpersuasive, especially on the latter phases of this litigation. *See Coral Grp., Inc. v. Shell Oil Co.*, 4:05-cv-0633-DGK, 2013 WL 4067625, at *5 (W.D. Mo. Aug. 12, 2013) (citing *Hutchins ex rel. Hutchings v. Roling*, 193 S.W.3d 334, 353 (Mo. Ct. App. 2006)) (calling it "well-established" that where one party "litigates tenaciously" it cannot then "complain about the time spent by the other party"). That said, Munley does point to some concrete examples of unreasonableness. For instance, Perficient's attorneys billed $54,279.50 for the first appeal, where no oral argument took place and Perficient filed only a single brief. Munley also points out that, over the course of this matter, counsel for Perficient had seventeen different timekeepers bill time to this matter. In view of all the circumstances, the Court concludes a twenty percent reduction to the attorneys' fees Perficient requests for the latter phases of this litigation is warranted to make them reasonable under the contract. The Court therefore will award $195,525.52 in attorneys' fees for the remaining phases of this litigation.

Therefore, the Court concludes that Perficient has demonstrated it is entitled to a total of $222,362.35 in reasonable attorneys' fees from Munley incurred for enforcing or seeking redress under the contract.

**III.** **Perficient failed to meet its burden to establish that the full amount it seeks in costs were incurred to enforce the contract.**

Like with its attorneys' fees, Perficient is only entitled to fees it incurred to enforce the contract or to seek redress for any violation of the contract by Munley. For the same reasons Perficient largely failed to prove the amount of its attorneys' fees incurred to enforce the contract in the first phase of the litigation, Plaintiff similarly failed to do so regarding its alleged costs in that phase. The Court therefore will reduce Perficient's total costs in the first phase of the

litigation, $19,109.46, by ninety percent, for a total of $1,910.95 in costs in the first phase of the litigation.

The Court also will reduce the costs Perficient requests in the remaining phases. Perficient's counsel testified that it charged Perficient a flat rate equal to 2.25% of its billed time to pay for certain costs like long distance, copying, and postage charges, regardless of whether the costs were incurred. But this flat rate did not encompass all the costs; Perficient's attorneys still would itemize and bill for certain costs, like printing appellate briefs. The Court does not find it credible that Perficient incurred all these costs its counsel charged it through this flat rate, and, absent some documentation or itemization, the Court finds a reduction is warranted. The Court therefore will reduce Perficient's total costs in the remaining phases of the litigation, $10,765.02, by seventy-five percent, for a total of $2,691.26 in costs in the remaining phases of the litigation.

## CONCLUSION

In sum, the Court awards Plaintiff $1 in nominal damages, $222,362.35 in consequential damages for its reasonable attorneys' fees incurred under the contract, and $4,602.21 in consequential damages for its costs incurred under the contract, for a grand total of $226,965.56.

A separate Judgment will accompany this Memorandum Opinion.

Dated this 31st day of March 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE